**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

Founders Federal Credit Union, Appellant,

v.

Sharon T. Irving and The Auto Shop, Respondents.

Appellate Case No. 2015-002571

———————————

Appeal From Lancaster County
Brian M. Gibbons, Circuit Court Judge

———————————

Unpublished Opinion No. 2017-UP-211
Submitted April 1, 2017 – Filed May 24, 2017

———————————

**REVERSED**

———————————

Suzanne G. Grigg and Kyle Aaron Brannon, both of Nexsen Pruet, LLC, of Columbia, for Appellant.

Sharon T. Irving, of Heath Springs, pro se.

Steven D. Bowers, of Lancaster, pro se.

———————————

**PER CURIAM:** Founders Federal Credit Union (Founders) appeals an order directing it to pay The Auto Shop $1,500 in a claim and delivery action. At issue in this appeal is the circuit court's interpretation of section 29-15-10(B) of the

South Carolina Code (2007), which allows the proprietor, owner, or operator of a towing company, storage facility, garage, or repair shop to charge for storing property if the owner of the property and any lienholders are notified of the property's location by certified or registered mail. The circuit court found the notification requirement was satisfied when The Auto Shop informed Founders by email that it had possession of a vehicle for which Founders was the primary lienholder. We reverse.[1]

Section 29-15-10(B) provides:

> Storage costs may be charged that have accrued before the notification of the owner and lienholder, by certified or registered mail, of the location of the article. Notification to the owner and lienholder by the proprietor, owner, or operator of the towing company, storage facility, garage, or repair shop must occur within five days, after receiving the owner's and lienholders' identities. If the notice is not mailed within this period, storage costs after the five-day period must not be charged until the notice is mailed.

"The cardinal rule of statutory construction is to ascertain and effectuate the intent of the legislature." *Hodges v. Rainey*, 341 S.C. 79, 85, 533 S.E.2d 578, 581 (2000). "Where the statute's language is plain and unambiguous, and conveys a clear and definite meaning, the rules of statutory interpretation are not needed and the court has no right to impose another meaning." *Id.* "What a legislature says in the text of a statute is considered the best evidence of the legislative intent or will." *Id.* (quoting Norman J. Singer, *Sutherland Statutory Construction*, § 46.03 at 94 (5th ed. 1998)).

We hold section 29-15-10(B) plainly and unambiguously requires a repair shop, such as The Auto Shop, to notify a lienholder by certified or registered mail of the location of the lienholder's collateral. Section 29-15-10(B) does not provide for any other means to communicate this information. Although the legislature amended other parts of section 29-15-10 in 2011, when email was widely used, it left subsection (B) unchanged. In addition, section 56-5-5635(B) of the South Carolina Code (2006), which has not been amended since it took effect in 2004, expressly references "the mailing of the notification to the owner and all lienholders by certified or registered mail, return receipt requested, pursuant to

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.

Section 29-15-10."  Therefore, the legislature itself has interpreted section 29-15-10(B) to require a party seeking fees from a lienholder for storing a vehicle to use certified or registered mail to notify the lienholder of the vehicle's location.

Despite The Auto Shop's failure to properly notify Founders of the location of the vehicle by certified or registered mail, we find The Auto Shop is entitled to recover five days of storage fees.  *See* § 29-15-10(B) ("Storage costs may be charged that have accrued before the notification of the owner and lienholder, by certified or registered mail, of the location of the article."); *id.* ("If the notice is not mailed within this period, storage costs after the five-day period must be not charged until the notice is mailed.").[2]

Therefore, we reverse the circuit court's order and direct Founders to pay The Auto Shop for five days of storage fees.

**REVERSED.**

**GEATHERS, MCDONALD, and HILL, JJ., concur.**

---

[2] Our ruling on the interpretation of section 29-15-10(B) makes it unnecessary to address the arguments Founders raised in its appeal concerning (1) whether a broad interpretation of this section would lead to inequitable results and compromise judicial economy and (2) whether there was evidence to support the amount of the storage fees awarded to The Auto Shop; therefore, we decline to address these issues.  *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613 518 S.E.2d 591, 598 (1999) (declining to address the remaining issues when a decision on another issue was dispositive of the appeal).